UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS PETERSON,

                            Plaintiff,

        v.                                                                                              9:12-CV-0092
                                                                                      (GLS/DEP)

DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION,

                            Defendant.
_____

APPEARANCES:

CARLOS PETERSON
08-B-3052
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

GARY L. SHARPE
Chief United States District Judge

**DECISION AND ORDER**

**I.     INTRODUCTION**

       Plaintiff commenced this action by filing a civil rights complaint, together with an application to proceed in forma pauperis ("IFP application"). Dkt. Nos. 1, 2. By Decision and Order filed on April 17, 2012, the Court granted plaintiff's IFP application, but found that the complaint failed to state a claim upon which relief may be granted, and therefore was subject to dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Dkt. No. 4 (the "April Order"). The April Order observed, among other things, that: (1) plaintiff's § 1983 claims for monetary damages against defendant Department of Corrections and Community Supervision

("DOCCS") were barred by Eleventh Amendment immunity; (2) plaintiff had failed to state a claim for injunctive relief against DOCCS; and (3) plaintiff's complaint, which consisted chiefly of legal conclusions, and did not include a single reference to any action taken by an identifiable individual, was wholly insufficient to state any plausible claim for relief or to allow any individual to make a reasonable response. *Id.* at 6-8.  The Court concluded that plaintiff's complaint was subject to dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted. *Id.* at 8.  In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id.* at 8-10.

Plaintiff has submitted an amended complaint in response to the April Order.  Dkt. No. 5 ("Am. Compl.").  For the reasons set forth below, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) because plaintiff has failed to state a claim upon which relief can be granted and seeks monetary relief from a defendant who is immune from such relief.

## II.    DISCUSSION

The legal standard governing the dismissal of a complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A was discussed at length in the April Order and will not be restated here.  *See* April Order at 2-5.  Taking into account plaintiff's pro se status, the Court construes the allegations in plaintiff's amended complaint with the utmost leniency. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").  Despite this liberal reading, for the reasons discussed below, a review of plaintiff's amended complaint reveals that the amended complaint does not cure the deficiencies identified in his original complaint.

2

As he did in his original Complaint, plaintiff names DOCCS as the only defendant in his amended complaint. Am. Compl. at 1. Plaintiff alleges that he is the victim of frequent misconduct by "corrupted correctional facility officers" and the misconduct really occurred or "it wouldn't [have] been said." *Id.* at 2. Plaintiff further states that, although he does not provide the name of any individual wrongdoer, or the date and time of any wrongdoing, this "doesn't necessarily mean the problems didn't occure [*sic*]." *Id.* Plaintiff claims that his "conclusory allegations [are] well established by other cases that he has filed in the Northern District of New York.[1] *Id.* Plaintiff alleges that DOCCS "is at fault tremendously for hiring unqualified correctional officers" who are allegedly responsible for "abuse and brutality." *Id.* Plaintiff claims that he has "3 cases of serious abuse and do to that [his] life [was] almost taken," but DOCCS fails "to acknowledge" the problem or take action to correct it. *Id.* at 2-3. Plaintiff alleges that he has tried filing grievances at his prison, but his grievances were shredded by the grievance office, so plaintiff has no other choice than to file this lawsuit. *Id.* at 3. Plaintiff seeks monetary damages of one trillion dollars "for mental illness from the affects of brutality [and] force." *Id.*

Plaintiff has not set forth in the amended complaint any allegations of fact which could be read or interpreted to even suggest the existence of a cognizable claim for the violation of plaintiff's constitutional or statutory rights by DOCCS.[2]

---

[1] Plaintiff states that the "factual and legal basis for this action is proven by the actual facts" set forth in two other actions that he filed in the Northern District of New York, namely *Peterson v. Clinton Correctional Facility*, No. 9:09-CV-1056 (GTS/DEP) and *Peterson v. Onondaga County Justice Center*, No. 9:10-CV-0026 (FJS/DEP). Although plaintiff believes those actions to be pending before the Second Circuit Court of Appeals, they are not. Those actions were dismissed, and judgment entered on October 24, 2011 and March 27, 2012, respectively. Plaintiff did not appeal from either of those dismissals and his time to do so has long since expired.

[2] The Court will not, as plaintiff suggests, review allegations set forth by plaintiff in complaints in other civil actions that he has filed in the Northern District of New York in an attempt to discern claims that he attempts to set forth in his amended complaint in this action.

Additionally, in his amended complaint, plaintiff only seeks monetary damages from defendant DOCCS. Am. Compl. at 3. As stated in the April Order, plaintiff's § 1983 claims for monetary damages against DOCCS are barred by Eleventh Amendment immunity. *See* April Order at 6-7; *see also Santiago v. N.Y. State Dep't. of Corr. Serv.*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) ("Agencies of the state . . . are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest."); *Allah v. Juchnewioz*, No. 93 CIV 8813, 2003 WL 1535623, at *3 (S.D.N.Y. Mar. 24, 2003) ("As DOCS is a subdivision of New York State, cases routinely hold that it may not be sued for monetary damages.").

Finally, to the extent that plaintiff alleges that he is not able to file grievances at his facility, he fails to state a claim. It is well-established that a prison inmate has no constitutional right of access to such an internal grievance process. *Rhodes v. Hoy*, No. 9:05-CV-0836 (FJS/DEP), 2007 WL 1343649, at *6 (N.D.N.Y. May 5, 2007) (noting that inmates have "no constitutional right of access to the established inmate grievance program"); *Davis v. Buffardi*, No. 9:01-CV-0285 (PAM/GJD), 2005 WL 1174088, at *3 (N.D.N.Y. May 4, 2005) ("[P]articipation in an inmate grievance process is not a constitutionally protected right."); *Cancel v. Goord*, No. 00-CV-2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) (holding that "inmate grievance procedures are not required by the Constitution" and therefore failure to see to it that grievances are properly processed does not create a claim under Section 1983). Simply stated, there is no underlying constitutional obligation to afford an inmate meaningful access to the internal grievance procedure, or to investigate and properly determine any such grievance.

After reviewing plaintiff's amended complaint, and according it the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this

4

action.

For all of these reasons, and because plaintiff has already had one opportunity to amend his claims, plaintiff's action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted and because it seeks monetary relief from a defendant who is immune from such relief.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted and because it seeks monetary relief from a defendant who is immune from such relief.  The Clerk is directed to enter judgment in favor of the defendant and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

DATED:     August 2, 2012
           Albany, New York

*[Signature: Gary L. Sharpe]*
Gary L. Sharpe
Chief Judge
U.S. District Court